In the Matter of the Application of B. GEORGE PASTON, Petitioner, for an Order of Mandamus against S. HOWARD COHEN and Others, Constituting the Board of Elections of the City of New York, and EDWARD J. FLYNN, as Secretary of State of the State of New York, Respondents.

Supreme Court, New York County, October 16, 1933.

*Arthur J. W. Hilly, Corporation Counsel* [*Russell Lord Tarbox, Assistant*, of counsel], for the Board of Elections.

*Harry Roter*, for the petitioner.

COTILLO, J. The petitioner seeks a mandamus to compel the board of elections to file his independent petitions for nominations for justice of the Supreme Court in the Second District with the Secretary of State, and to direct the latter to accept them for due

filing.   The petitions in question are upon the same sheets as other petitions for local offices, including borough president, regis-- ter, sheriff and others.   As to the local offices, they must be deemed as properly filed with the board of elections within the provisions of sections 140 and 141 of the Election Law.   But as regards the nomination for justice of the Supreme Court of the Second District, these petitions must be filed in the office of the Secretary of State.   If the court should be inclined to grant relief to the petitioner, it would be difficult to do so because the petitions for local offices are inextricably bound with those for Supreme Court.   If the board of elections had done its duty as petitioner deems it should have done, it would have sent the petitions to the Secretary of State.   Mere certification by the board of their receipt would have been insuffi- cient, as the purpose of filing in the office of the Secretary of State is to provide a place where the petitions could be examined by candidates or other citizens for the purpose of formulating objec- tions.   Certification that they have been filed in another place would not satisfy the purpose of the statute.   Now what would have been the effect if the board had acted in this manner?   The petitions for the local candidates would have gone by the board, because they were physically and inseparably bound up with those for the Supreme Court.   There would have been a petition for the Supreme Court on file with the Secretary of State, and no petitions on file with the board of elections for the local candidates, since the law would not have been satisfied by the mere receipt of the petitions by the board and the immediate relinquishment of them to the Secretary of State.   The necessity of keeping petitions for local candidates on file for the purpose of inspection by other candidates or citizens applies with the same force as in the case of the petitions for the Supreme Court.   The board of elections could not have granted petitioner's request at the time it was made, without doing so at the expense of the local candidates.   In seeking relief, the petitioner must justify his position as of the date of his original demand upon the board.   This he cannot do.   The motion is, there- fore, denied.